NEWBERGER ET AL, EXECUTORS, ETC., v. FINNEY, ADMR., ETC.

1. NECESSARY PARTIES ON PROCEEDINGS IN ERROR, BY SURETIES ON AN ADMIN-
ISTRATOR'S BOND.

Where an administrator and the sureties on his bond are sued together, and
the administrator is in default, but the sureties answer, and a judgment is
rendered against such sureties, but not against the administrator, as should
have been done : *Held*, that on proceedings in error to the circuit court, such
administrator is not a necessary party thereto and a motion to strike the
petition from the files, it being then too late to make him a party, will be
overruled.

2. SUSTAINING A DEMURRER NOT GROUND FOR REVERSAL AND NOT PREJUDICIAL TO
THE PARTIES.

The sustaining of a demurrer by the trial court to the answer of the defendants
will not be ground for a reversal of the judgment, when it appears by the
record that it was not at all prejudicial to such defendants.

3. LIABILITY OF SURETIES ON THE BOND OF AN ADMINISTRATOR DE BONIS NON.

Where on the death of an executor, his successor in trust would be an adminis-
trator *de bonus non* with the will annexed, but through mistake the probate
court appoints such successor as administrator *de bonis non* only, and the
bond signed by him and his sureties was the kind of bond provided for an
administrator *de bonis non* and not for an administrator *de bonis non* with the
will annexed ; the sureties on such bond are liable for the assets received by
him as administrator *de bonis non* with the will annexed.

4. PROOF OF THE EXECUTION OF THE BOND.

Where, in an action on an administrator's bond, the sureties deny that they
ever executed the bond and the original bond is offered in evidence and an
effort made to prove its execution by the officer who took it, the evidence in
such case must be of such character as to satisfy the jury by its weight that
the sureties did actually sign the bond, otherwise the verdict must be in their
favor.

5. CHARGE OF COURT AS TO THE INTRODUCTION AND RECORD OF SUCH BOND.

It is error for the court to charge the jury that the bond produced is conceded
to be the original bond filed with the probate court and that testimony having
been introduced tending to show that it has likewise been in the possession
and custody of the probate court from the time of its execution until the
present time, and that the introduction of the record of such bond and the
bond itself makes a *prima facia* case and is *prima facia* evidence of the
execution and existence of such bond.

6. CERTIFIED COPY OF RECORD OF SUCH BOND OFFERED IN EVIDENCE—EFFECT.

If a certified copy of the record of such bond had been produced and offered
in evidence, under the provisions of sec. 5, Rev. Stat., it would have been
*prima facia* evidence of the execution of such bond.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

The petition in error, in this case, seeks the reversal of a judgment
rendered in favor of the defendant in error against the plaintiff in error
in the court of common pleas, in a case brought by said Finney, admin-
istrator against them, and one William Ronsheim, to recover the sum of
$5,200, and interest thereon claimed to be due from Ronsheim, as money
received by him as administrator *de bonis non* of the estate of one
Ephraim Ronsheim, deceased, and the suit was upon a bond, given by
him as such administrator, on which bond the petition alleged that New-
berger, and Leopold Loeb, deceased, were the sureties. The petition

alleged that Wm. Ronsheim, as such administrator, received assets to the amount of $5,200, but made no settlement of said estate, nor filed any account in the probate court, and neglected to administer said estate according to law, but appropriated said $5,200 to his own use, and has not accounted for or paid money to those entitled thereto, but has absconded and left the state. That after this, he was removed from said trust by the probate court, and the plaintiff was appointed administrator *de bonis non* of said estate in his stead. There were other averments in the petition to show the right of the plaintiff to recover from said Ronsheim and his sureties on the bond given by Ronsheim as said administrator, a copy of the condition of which bond was set out in the petition.

All of the defendants were served with process, but Ronsheim made no appearance or defense. Answers were filed by the other two defendants. A demurrer to one of the defenses was sustained by the court, and amended answers filed. The issues made by these pleadings were submitted to a jury, and a verdict rendered in favor of the plaintiff against the answering defendants, and a motion for a new trial having been overruled, judgment was entered upon the verdict against the two defendants who answered. No judgment appears to have been entered against Ronsheim. A bill of exceptions was allowed purporting to contain all of the evidence offered, the charge of the court, and the special charges given and refused, and the exceptions thereto, and a myriad of exceptions to the rulings of the trial court as to the admission and exclusion of evidence.

Thereupon the two defendants against whom the judgment was rendered filed this petition in error, assigning as error that the court erred in overruling the motion for a new trial based on the ground, that the verdict was against the evidence; and in sustaining a demurrer to one of the defenses of the defendants, and erred in its rulings as to the admission of evidence, and in the charges to the jury given and refused.

To this petition in error Wm. Ronsheim was not made a party, and on this ground the defendant in error moves to strike the petition in error from the files, it being now too late to make him a party.

We think that this motion should be overruled. As has been said, the two plaintiffs in error are the only parties against whom any judgment was rendered. No judgment was ever taken against Ronsheim, though he was in default and judgment should have been taken against him. The judgment against the other parties did not affect him, and it was not necessary that he be a party to the proceedings in error, brought to reverse the judgment against them.

It is claimed that the court erred to the prejudice of plaintiffs in error in sustaining a demurrer to the first defense in the answer of defendants. It averred, in substance, that on September 10, 1880, the will of Ephraim Ronsheim was admitted to probate by the probate court of Hamilton county, by which he gave the residue of his estate, (after payment of one legacy), to his wife for life, and on her death to his daughter, Fanny, absolutely. He appointed Leopold Eisman as the executor of his will, and directed that during the life of his wife, his executor should invest and re-invest his personal property, so that his wife could receive the income during her life, and that on her death, it be distributed to his daughter. That on September 20, 1880, said executor qualified as such, and in pursuance of the will, he did invest and

re-invest said residue of the estate, and that during his life, said Eisman did fully administer said estate as required by the will, and that in December, 1886, Eisman, the executor, died. It also admitted the subsequent appointment of Wm. Ronsheim as administrator *de bonis non* of the estate.

If this answer is to receive the construction, that as Eisman, the executor of the will, fully administered the estate, and, therefore, no assets came into the hands of his successor in the trust, and for this reason Ronsheim and his sureties were not liable on the bond, as Ronsheim received no assets of the estate, it might be considered as an argumentative defense. But even if this be so, the sustaining of a demurrer to it was not at all prejudicial to the sureties, for they were allowed to file an amended answer, in which they expressly denied that Ronsheim, as such administrator, received any of the assets of said estate, and the case was tried on the issue thus raised; and in our judgment, the evidence did show that Ronsheim, as such administrator, had received the $5,200, and applied it to his own use. Even if the amended answer had not been filed, as the parties contested this question before the jury, and offered their evidence in regard to it, and the evidence showed that the administrator so received it and converted it to its own use, there was no prejudice to the defendants from the sustaining of the demurrer. See on this point, also the recent decision of Supreme Court in Yocum, Administrator, v. Allen, 58 O. S., 280.

It is further urged, that the verdict and judgment were against the law and the evidence, in this, that as Ephraim Ronsheim left a will, on the death of his executor, his successor in the trust would be administrator *de bonis non* with the will annexed, and as the bond given by Wm. Ronsheim, and his sureties, recited that he had been appointed administrator *de bonis non* of the estate of Ephriam Ronsheim, that the sureties were only liable for the assets received by him as such, and not as administrator *de bonis non* with the will annexed. That the sureties, by signing said bond, were not advised thereby that Ephriam Ronsheim had left a will, or that the estate was to be administered in accordance with the provisions of such will, and therefore were not liable for any default of Wm. Ronsheim as to assets actually received by him.

The defect in this claim is, that Wm. Ronsheim was appointed administrator *de bonis non* simply of such estate, and not administrator *de bonis non* with the will annexed as he should have been. And the form of the bond, purporting to be signed by him and his sureties, was the kind of bond provided by law for an administrator *de bonis non*, and not for an administrator *de bonis non* with the will annexed. This was clearly an error of the probate court—but it having been done, and the bond describing him as administrator *de bonis non* of said estate, and he having received assets in that capacity, it can not properly be said, we think, that the sureties were not liable if default be made in paying it over by such administrator.

By their answers, the defendants denied that they ever executed this bond, and it thus became necessary to any recovery against them, that the plaintiff should show by a preponderance of the evidence that they did sign it. Instead of introducing a certified copy of the bond filed in the probate court, as under sec. 5 Rev. Stat., might have done, and which under the terms of such section would be *prima facie* evidence of the execution and existence of such bond, the plaintiff attempted to prove the execution of the original bond by the officer who took it and

was attesting witness thereto, and it must be confessed that as to its execution by the sureties, he was not very successful. About all the officer could say as to them, was, that after the bond was signed by the administrator himself (Ronsheim), it was left with the clerk of the court, and probably some days after this, and perhaps at different times, two persons came to sign as sureties thereon, one representing himself to be M. D. Newberger and the other L. Loeb, and he took from them their several affidavits as to their qualifications as sureties, and had them execute the bond; but he did not know them, and could not pretend to say that they were Newberger, one of the defendants in the case, or L. Loeb, the testator of the other defendant, Mrs. Loeb. This evidence was certainly not very satisfactory, but it was substantially all that was offered on the question of the execution of the bond by the sureties, and there was no attempt to prove that the handwriting of those signing the bond was that of the persons who it is alleged signed it, though we understand from the evidence, that they were business men of the city. We would hesitate, however, to find, as is claimed by counsel for plaintiffs in error, that the verdict of the jury, that the persons who signed the bond as sureties were the said Newberger and Loeb, was so manifestly against the evidence, as to require us to reverse the judgment on this ground, particularly as against Newberger, who, we gather, was present at the trial, and offered no testimony of himself or others to sustain, on this point, the allegations of his answer.

We do not find it essential to do this, as we are of the opinion that the charge of the court, given in relation to the issues thus made, was erroneous and prejudicial to the defendants, and that the court also erred in refusing to give the special charge asked by them on this point. In the general charge it was said to the jury on this issue thus made—"The bond has been introduced in evidence, gentlemen, and you will have it with you in the jury-room. This bond is conceded to be the original bond, filed in this case in the probate court of this county. There is no dispute about that. Testimony has been introduced, tending to show that it has likewise been in the possession and custody of the probate court from the time of its execution until the present moment. In view of this testimony, gentlemen, I will say to you, that the introduction of this record and this bond make a *prima facie* case—is *prima facie* evidence of the execution and existence of such bond, and in determinining this question, you will keep the evidence in mind as the law, as I have given it to you upon the question of the signature."

We know of no doctrine of the law which will justify this statement. As before stated herein, if a certified copy of the record of this bond has been produced and offered in evidence, under the provisions of sec. 5, Rev. Stat., it would have been *prima facie* evidence of the execution of the bond; but this course was not pursued, but the original was offered, and an effort made to prove the signature of the defendants thereto by oral evidence. An exception to this charge was duly entered, and the defendants, by special charges asked, sought to have the court state a different rule to the jury. One of the charges so asked, was the following:

"The defendants, Newberger and Loeb, deny that the bond in question was signed by L. Loeb, deceased, and the M. D. Newberger mentioned in the petition. Upon this question the plaintiff must satisfy the jury by the weight of the evidence, that the said identical L. Loeb and M. D. Newberger did sign this bond. For his proof the plaintiff relies

wholly on the original bond, and the evidence of Mr. Jones. He does not produce a certified transcript of the record of this bond, and he can not therefore avail himself of the statutory provision made for such case. Relying thus on the original bond, he must produce evidence that will satisfy the jury, by its weight, that the said Loeb and Newberger did actually sign the bond, and if he failed to produce such evidence, the verdict as to M. D. Newberger and Thomas Loeb must be in their favor."

This was refused by the court, and exception taken. We think the court erred in refusing to give it.

There were many other exceptions to the rulings of the court, but we see no other rulings on account of which we would reverse the judgment. But for the reasons above set forth, the judgment will be reversed, and a new trial awarded.

*Judge Schroder*, for plaintiff in error.

*W. A. Hicks*, and *Frank B. Finney*, for defendant in error.